

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC ANTOINE HENDERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:13-CV-328-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
and
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Eric Antoine Henderson, a state prisoner currently incarcerated in Amarillo, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time barred.

**I. PROCEDURAL HISTORY**

In March 2008 petitioner was charged by indictment with one count of indecency with a child in the Criminal District Court Number Three of Tarrant County, Texas, Case No. 1095515D. (SHR

at 38[1]) On November 13, 2008, pursuant to a plea bargain agreement, petitioner pleaded guilty to the offense, and the trial court placed him on five years' deferred adjudication community supervision, ordered him to pay a fine and costs, and entered conditions of his community supervision. (SHR at 39-56) Petitioner did not directly appeal the nonadjudication judgement; thus, the judgment became final under state law thirty-two days later on Monday, December 15, 2008.[2] See Manuel v. Texas, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); TEX. R. APP. P. 26.2(a)(1).

Thereafter, the state moved to proceed to adjudication of guilt due to petitioner's various violations of his conditions of community supervision. (SHR at 57-59) Ultimately, the trial court revoked petitioner's deferred adjudication community supervision on April 1, 2010, adjudicated his guilt, and sentenced him to nine years' confinement. (SHR at 63-65) Petitioner appealed the trial court's judgment adjudicating guilt, but the appellate court affirmed the trial court's judgment on February 17, 2011. (SHR at 68-70A) Petitioner did

---

[1]"SHR" refers to the record of petitioner's state habeas application no. WR-76,601-01.

[2]December 13, 2008, fell on a Saturday.

2

not file a petition for discretionary review in the Texas Court of Criminal Appeals[3]; thus, the judgment adjudicating guilt became final under state law thirty-two days later Monday, March 21, 2011.[4] 28 U.S.C. § 2244(d)(1)(A); Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On August 29, 2011, petitioner filed a state habeas application for writ of habeas corpus, raising one or more of the claims presented herein, which was dismissed because petitioner's direct appeal was still pending.[5] (SHR at cover) Petitioner filed this federal petition for writ of habeas corpus on March 26, 2013, in the Amarillo Division, and the case was subsequently

---

[3]Apparently, petitioner sought an extension of time to file a petition for discretionary review, but the Texas Court of Criminal Appeals denied his request. *See Texas Courts Online - Court of Criminal Appeals*, available at http://www.cca.courts.state.tx.us., Case No. PD-0625-11. Because the state court denied his request for extension, the finality of adjudication judgment is unchanged. *White v. Thaler*, No. 3:12-CV-2638-B-BK, 2013 WL 363466, at *2 (N.D.Tex. Jan. 2, 2013).

[4]March 19, 2011, fell on a Saturday.

[5]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 11 of the application was signed by petitioner on August 29, 2011; thus, for purposes of these findings, the undersigned deems the state application filed on August 29, 2011. (SHR at 12)

transferred to this division.[6] As ordered, respondent has filed a preliminary response addressing only the timeliness of the petition under the federal statute of limitations.

## II. ISSUES

Petitioner raises four grounds, in which he asserts: (1) he did not enter his plea voluntarily; (2) counsel rendered ineffective assistance; (3) the trial court failed to ascertain his competence to enter a guilty plea; and (4) the evidence was legally insufficient to support his conviction. (Pet. at 6-7; Pet'r Attach. Mem. at 3-10)

## III. STATUTE OF LIMITATIONS

Respondent believes the petition is time-barred and should be dismissed. (Resp't Prel. Resp. at 6-11) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person

---

[6]*Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition is deemed filed when papers delivered to prison authorities for mailing). Petitioner does not indicate on his petition the date he placed the petition in the prison mailing system, however the cover letter reflects an "Executed Date" of March 26, 2013. Thus, the petition is deemed filed on March 26, 2013.

4

in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

To the extent petitioner's claims involve alleged facts or events relevant to the original plea proceedings, including the voluntariness of his plea, the one-year limitations period began to run on the date the nonadjudication judgment became final upon

expiration of the time that petitioner had for filing a notice of appeal in the state appellate court on December 15, 2008, and expired one year later on December 15, 2009, absent any applicable tolling. *Id.* § 2244(d)(1)(A); *Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005); *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Petitioner's postconviction state habeas application, filed on August 29, 2011, after the limitations period had already expired, did not operate to toll the limitations period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition as to any such claims is time-barred.

To the extent petitioner's claims involve alleged facts or events relevant to the adjudication proceedings, the one-year limitations period began to run on the date the judgment adjudicating guilt became final upon expiration of the time that petitioner had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on March 21, 2011, and expired one year later on March 21, 2012, absent any applicable tolling. 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Petitioner's postconviction state habeas application, filed on August 29, 2011, tolled the limitations period 94 days, making a federal petition due on or

before June 23, 2012. 28 U.S.C. § 2244(d)(2). Thus, the petition as to any such claims is time-barred.

The record does not reflect that any unconstitutional "State action" impeded petitioner's efforts to file a federal application and there are no allegations that the Supreme Court has announced a new rule(s) applicable to petitioner's claims. Petitioner generally asserts the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence, however before § 2244(d)(1)(D) can be invoked, the petitioner is required to provide an explanation for why the petition was filed late. *See Jones v. King*, 360 F. App'x 569, 570 (5th Cir. 2010) (unpublished) (declining to apply § 2244(d)(1)(D) due to the failure of the petitioner to "establish[] that he could not have previously discovered the factual predicate for his claims through the exercise of due diligence"); *LeBlanc v. Travis*, 352 F. App'x 966, 967 (5th Cir. 2009) (unpublished) (petitioner failed to show why the limitations period should be tolled pursuant to § 2244(d)(1)(D)) because he "present[ed] no reason why he could not have reasonably presented this evidence through the exercise of due diligence"). By resting his argument on nothing else, petitioner

7

has failed to carry his burden of showing that he could not have discovered the factual predicate for this claim earlier. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

Nor has petitioner alleged or demonstrated circumstances that prevented him from filing a timely petition so as to warrant equitable tolling of the limitations period. *See Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2562 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.*

While petitioner claims he was mentally incompetent, he does not meet the high burden of establishing that his conditions prevented the timely filing of his federal petition. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (while mental illness may support equitable tolling of the limitations period, it does not do so as a matter of course and the petitioner bears the burden of proving rare and exceptional circumstances). Even when liberally construed, his pleadings fail to explain how his conditions rendered him incapable of pursuing his legal rights. *See Smith v. Kelly*, 301 Fed. Appx. 375, 378 (5th Cir. 2008) (not

8

designated for publication) (mental illness must render the petitioner unable to "pursue his legal rights during" the relevant time period, and unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling). Petitioner's allegations certainly do not rise to the type of extraordinary circumstances that justify equitable tolling.

Petitioner also mentions actual innocence, however he provides no proof of his actual innocence. Recently, the Supreme Court held that a convincing showing of "actual innocence" may overcome the procedural bar of the statute of limitations. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1926 (2013). The gateway should open only when the "evidence of innocence is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (citation omitted). Petitioner did not provide any evidence of actual innocence, and none is found in the record. His conclusory assertion of actual innocence is insufficient to warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).[7]

---

[7]Petitioner also asserts he should not be subjected to the
(continued...)

9

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has failed to show his petition to be timely and to make "a substantial showing of the denial of a constitutional right."

SIGNED August 26, 2013.

/s/ John McBryde
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

---

[7](...continued)
limitations bar because Article 26.13(b)-(d) of the Texas Code of Criminal Procedure and § 2244(d)(1) are unconstitutional. (Pet. at 9; Pet'r Attach. Mem. at 3). No legal support is found for the former assertion and the latter is frivolous. *See Chapa v. Johnson*, 199 F.3d 440, 1999 WL 1068083, at *1 (5th Cir. Oct. 21, 1999)

10